# CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Elm Street
Development, Inc., et al.

v.

Town of Occoquan

October 1, 2010

Case No. CL 10002666-00

By Judge Mary Grace O'Brien

This matter came before the Court on August 24, 2010, on Plaintiff's Motion for Partial Summary Judgment and Defendant's Demurrer. The Court, having heard argument of the parties' counsel, took the matter under advisement. For the reasons set forth below, the Court grants Plaintiff's Motion and holds that Virginia Code § 15.2-2288.1 precludes the Town of Occoquan from requiring a special use permit in this case.

*Background*

This case involves the Town of Occoquan's requirement for, and denial of, a special use permit for the disturbance of slopes 20% or greater in connection with the construction of townhouses on real property located at 109 South Washington Street ("the Property"). The developer is Elm Street Development, Inc. ("Elm Street"), a licensed Virginia corporation and the contract purchaser of the Property.

The Property comprises approximately 3.68 acres and is zoned to the Town's R-3 (General Residential, High Density) Zoning District. This District permits, among other residential uses, the development of townhouses. Developers must submit a preliminary subdivision plan to the Town Council for approval to ensure conformity to R-3 development standards. In addition to the requirement for subdivision plan approval, Town Zoning Ordinance 66-200(b)(8) requires a special use permit ("SUP") from the Town Council for clearing, land disturbance, or development on slopes of 20% or greater.

Between November 2009 and April 2010, Elm Street applied for and was denied by the Town Council an SUP for the residential development of the Property, half an acre of which contains slopes in excess of 20%. On April 27, 2010, Elm Street filed a Complaint in this Court. The Town demurred to the Complaint on May 20, 2010, and Elm Street then filed a Motion for Partial Summary Judgment on June 21, 2010. Various Reply and Opposition Briefs were exchanged, and this Court heard oral arguments on August 24, 2010.

### Discussion

The question presented by Elm Street's Motion for Partial Summary Judgment is whether Virginia Code § 15.2-2288.1 precludes enforcement of the Town's Zoning Ordinance 66-200(b)(8) against Elm Street's proposed residential development. This Court finds that the Virginia statute does preclude enforcement of the Town's ordinance against Elm Street in this case. The Town cannot require an SUP for disturbance of slopes 20% or greater prior to the issuance of a building permit on a lot recognized for residential development under the local zoning ordinance.

Pursuant to Rule 3:20 of the Supreme Court of Virginia, a trial court may enter summary judgment if no material fact is genuinely in dispute and the moving party is entitled to judgment as a matter of law. The following facts are not in dispute. First, under Zoning Ordinance 66-200(b)(8), the Town requires an SUP for disturbance of slopes 20% or greater. Second, a portion of the subject Property is at a 20% or greater slope. Third, the Property is zoned to the Town's R-3 (General Residential, High Density) Zoning District, which permits the by-right development of residential dwellings. Fourth, Elm Street intends to build townhouses, i.e. residential dwellings, on the Property at a height and density permitted by zoning law.

Virginia Code § 15.2-2288.1 provides as follows: "No local ordinance shall require as a condition of approval of a subdivision plat . . . that a special use . . . permit be obtained for the development and construction of residential dwellings at the use, height, and density permitted by right under the local zoning ordinance." This statute thus prevents a locality from requiring an SUP as a precondition to residential development that is otherwise permitted by the zoning law. Because Elm Street's intended townhouse development is permitted by right under the Town's R-3 zoning ordinance, the Town cannot, consistently with § 15.2-2288.1, enforce its 66-200(b)(8) SUP requirement against Elm Street.

The Town denies any violation of § 15.2-2288.1 on grounds that the SUP requirement is "unrelated" to residential "use, height, and density" because the requirement applies to land disturbance on steep slopes for both residential and non-residential development. The Court finds, however, that it makes no difference whether the same provisions apply to residential and

non-residential lots alike. When enforced against Elm Street, the Town's ordinance interferes with residential development that is otherwise by-right, a situation specifically contemplated and made unlawful by § 15.2-2288.1. The effect of this Code section is to eliminate legislative discretion from a locality's review process where a residential development proposal is otherwise by-right. Where the General Assembly has affirmatively eliminated local discretion, a locality cannot then step in with an ordinance restricting by-right development that otherwise meets the applicable use, height, and density requirements.

The Town also defends its ordinance on grounds that it is authorized by Virginia Code § 10.1-2108, a provision of the Chesapeake Bay Preservation Act, whereby localities "are authorized to exercise their police and zoning powers to protect the quality of state waters." The Town contends that its steep slope ordinance protects the quality of state waters consistent with the provisions of the Preservation Act, because the ordinance bars clearing, land disturbance, and development on steep slopes at risk for erosion, except when the Town Council grants an SUP. However, the Preservation Act provides only general authorization to use police and zoning powers and contains no particularized reference to regulation by SUPs. The language of § 15.2-2288.1, which specifically limits a locality's authority to impose SUP requirements on by-right residential development, must prevail over the generalized police and zoning powers set forth in the Preservation Act. Because the Town has not been granted the specific authority it claims and because it has been affirmatively prohibited from regulating certain aspects of residential development with SUPs, this Court must strike the SUP requirement in this case.

While the ordinance is a valid exercise of the Town's zoning authority under Virginia Code § 15.2-2286(A)(1), the Town's enforcement of the ordinance against Elm Street runs afoul of Virginia Code § 15.2-2288.1. Under § 15.2-2286(A)(1), local zoning ordinances may include, among other things, "reasonable regulations and provisions . . . for variances or special exceptions. . . ." As noted above, the specific limitation on SUPs within § 15.2-2286(A)(1) must control over generalized authorizations of zoning power. While the General Assembly has delegated to localities the generalized power to impose SUP requirements, § 15.2-2288.1 withholds the authority to require SUPs as a precondition to by-right residential development.

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment is granted.